James FIELDS, Jr. *v.* STATE of Arkansas

CR 83-49                                    655 S.W.2d 419

Supreme Court of Arkansas
Opinion delivered July 11, 1983

*Jeff Rosenzweig*, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of murder in the first degree for the killing of Lester Davis on a

parking lot adjacent to Giggles Rollercade in Little Rock on April 18, 1982. The sentence was fixed at life imprisonment. We affirm. Jurisdiction is in this Court pursuant to Rule 29 (1) (b).

Appellant contends that the trial court committed reversible error both at the Denno hearing and at the trial. He first contends that his admission that he shot the victim should have been suppressed at the Denno hearing. He argues that the trial court failed to consider relevant evidence on the authenticity of the statement. Obviously, an instrument offered as a statement by the defendant must be authenticated. Here, the Sate's testimony on authenticity was given by Officer Larry Dunnington, who took appellant's statement, and Officer J. D. Martin, who advised appellant of his rights in accordance with *Miranda.* Appellant did not testify and no other parties were present at the taking of the statement. Both officers testified they were aware that appellant had eight years of education and yet, could neither read nor write. Officer Martin testified that he read the rights form to appellant who indicated that he understood each right before he signed it. Officer Dunnington testified that he wrote out appellant's statement, slowly read it to him, and appellant did not sign the statement until he stated that it was true and accurate. Thus, the uncontroverted evidence presented by the State was that the statement was indeed authentic.

At the hearing the appellant attempted to elicit testimony concerning the availability to the police of recording devices, secretaries or stenographers. The relevance of the purported testimony was to demonstrate a method of obtaining greater accuracy in reproducing the statement. The trial court, at first, refused to allow the questions and then erroneously refused to allow appellant to make a proffer of the evidence. However, the error was rendered harmless when, later in the proceeding, the trial court took notice that recording devices and stenographers were available but the police did not use them.

The appellant contends that the trial court erred in stating that "it is totally irrelevant the manner in which a

statement is taken." While the statement is erroneous, it amounts to harmless error, since the trial court's finding that the statement was authentic is clearly in accordance with the preponderance of the evidence.

Appellant contends that the trial court erred at the trial by the giving of a jury instruction, AMCI 1507. Appellant was charged with murder in the first degree requiring proof of the "premeditated and deliberated purpose" of causing the death of another person. Ark. Stat. Ann. § 41-1502 (1) (b) (Repl. 1977). The model instruction defines the terms as "[T]he conscious object to cause death . . . a weighing in the mind of the consequences of a course of conduct as distinguished from acting upon sudden impulse without the exercise of reasoning powers." The instruction continues with the following sentence which is argued to be objectionable by appellant: "It is not necessary that this state of mind existed for any particular length of time, but it is necessary that it was formed before the homicide act was committed." According to appellant, this portion of the instruction is misleading because it countenances a finding of premeditation and deliberation which is contradictory in itself.

The Comment to AMCI 1507 refers to the Commentary to Ark. Stat. Ann. § 41-1501 which it states "makes it clear that prior law as to the meaning of these terms remains in force." In several cases prior to the 1976 Criminal Code we held that the requisite state of mind of premeditation and deliberation need not exist for any particular length of time. *Davis v. State,* 251 Ark. 771, 475 S.W.2d 155 (1972); *Ferguson v. State,* 92 Ark. 120, 122 S.W. 236 (1909); *Green v. State,* 51 Ark. 189, 10 S.W. 266 (1889). This is still our law and the trial court correctly gave the standard AMCI instruction which accurately stated the law in this case. *See Per Curiam Re: Arkansas Model Criminal Instructions,* 264 Ark. 967 (1979).

Under A.R.Cr.P. Rule 36.24 and our Rule 11 (f), we have reviewed the other rulings adverse to appellant and find no prejudicial erroneous rulings.

Affirmed.